JUDGE McMAHON

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

14 CV 4666



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIO YONE,

                Plaintiff,

     -against-

THE CITY OF NEW YORK, ROBERTO
OVIEDO, "JOHN" DEJESUS, "JOHN"
SANCHEZ, JOHN AND JANE DOES;

                Defendants.
-----------------------------------------------------------x

**COMPLAINT**

Jury Demand

       Plaintiff JULIO YONE (hereinafter "Plaintiff") by and through his attorneys respectfully alleges as follows:

### PRELIMINARY STATEMENT

     1.    Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7.      Plaintiff is a resident of the City, County and State of New York.

8.      Plaintiff is a Hispanic male who is resident of Bronx, County of Bronx, City of New York.

9.      Defendant City is a municipality duly organized under the laws and regulations of the State of New York.

10.     The individual defendants are members of the NYPD and were acting under the color of state law and are being sued in their individual and official capacities.

## FACTS

11.     On June 3, 2014, at approximately 8 p.m., plaintiff was hanging out with his friends outside a bodega a block from his home.

12.     Shortly thereafter, 3 marked and unmarked police cars pulled up close to plaintiff.

13.     The individual defendants got out of their police cars, grabbed plaintiff, threw him up against the wall and accused him of having a gun.

14.     Plaintiff stated that he did not have a gun and allowed the defendants to search him. Despite the fact that defendants' own search did not find a gun, plaintiff was handcuffed and told to remain quiet for approximately 20 minutes.

15.     When plaintiff inquired why he was being arrested, he was told hat the defendants would explain everything to him inside the patrol car and at the precinct. The defendants made fun of plaintiff because of plaintiff's speech disability.

16.     Plaintiff was taken to the 44th precinct, searched again and falsely charged with possession of a weapon (a gun).

17.     Plaintiff was held for more than 20 hours and released the next day from Central Booking through a side-door.

18.     When plaintiff went back to the 44th precinct to retrieve the items taken from him, the defendants again made fun of his speech disability and refused to give him back his items.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. There was no probable cause for the, detention, arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

21. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution/Fourteenth Amendment-Due Process)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

28. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

29. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

30. The foregoing customs, policies, usages, practices, procedures and rules of

the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein. The practice of stopping Hispanics and Blacks have been well-documented and ruled unconstitutional by federal judge in SDNY.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants targeted Plaintiff and discriminated against her by falsely accusing him of a crime because of his race and color and caused his deprivation of his constitutional rights. Defendants nevertheless arrested him knowing that he had committed no crime.

33. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and

acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy under 1985)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

38.     Plaintiff suffered serious and permanent physical and emotional injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Respondeat Superior)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Abuse of Process)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if

fully set forth herein.

42. Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

43. Defendants abused the criminal process to violate the Plaintiff's civil rights knowing full well that she would have to endure the stigma of her arrest even after the arrest was voided.

44. As a result of defendants' actions, Plaintiff suffered injuries.

## AS AND FOR A NINETH CAUSE OF ACTION
(Emotional Distress)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants through their unlawful conduct continue to instill fear and terror in the minds of minority men in the Bronx.

47. Defendants' conduct described herein resulted in intentional and negligent infliction of emotion distress upon plaintiff.

48. As a result plaintiff was injured.

## AS AND FOR A TENTH CAUSE OF ACTION
(Unlawful imprisonment)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants unlawfully imprisoned plaintiff and his detention was unlawful and plaintiff did not give consent to said detention.

51. Plaintiff was aware of his unlawful detention and as a result suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       June 25, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*